IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

JIMMY THOMAS,

                Defendant.

ORDER

06-cr-101-wmc-1

---

A hearing on the probation office's petition for judicial review of Jimmy Thomas' supervised release was held on September 13, 2016, before U.S. District Judge William M. Conley.  The government appeared by Assistant U.S. Attorney Meredith P. Duchemin.  The defendant was present and represented by Associate Federal Defender Kelly A. Welsh.  Also present was Senior U.S. Probation Officer Michael J. Nolan.

### FACTS

From the record, I make the following findings of fact.  The defendant was sentenced in the Western District of Wisconsin on September 29, 2006, following his conviction for distribution of five grams or more of a mixture or substance containing cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1), a Class B felony.  He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 132 months, which was to be followed by a five-year term of supervised release.  As a result of retroactive amendments to the drug guidelines that addressed disparities between convictions for crack cocaine versus powder cocaine, the defendant's sentence was amended and reduced twice.  On May 9, 2008, the original custodial sentence of 132 months was reduced to 97 months; and on October 17, 2011, from 97

1

months to time served, effective November 1, 2011. As a result, the defendant began his term of supervised release on October 31, 2011, with his transition to supervision less orderly than it might have otherwise been. Still, the defendant appeared to be in compliance with his terms of release for the first six months, although even then Thomas appeared to be in something of a "holding pattern," since he had failed to obtain meaningful employment and his living arrangements remained in flux.

On August 8, 2013, the defendant appeared for a judicial reviewing hearing after submitting urine specimens that tested positive for marijuana on May 28, June 11, and July 12, 2012. At that time, his term of supervised release was continued with all previous conditions imposed remaining in effect. The special condition requiring his participation in the Court Intervention Program was added to address his rehabilitative needs. On June 2, 2015, I terminated the defendant's participation in the program because he was not engaged in the program, as evidenced by his dropping out of school, failure to find permanent employment, admission of continued marijuana use, and his May 8, 2015, arrest for operating while intoxicated, for which he was formally charged in Rock County, Wisconsin, Circuit Court Case No. 15TR7625.

On January 6, 2016, the defendant was convicted after a jury trial in Rock County Circuit Court Case No. 15TR7625. He was issued a forfeiture of $982.02, his driver's license was revoked for nine months, and he was required to obtain an alcohol assessment. This conviction also constituted a violation of his mandatory condition of supervised release prohibiting him from committing another federal, state, or local crime.

The defendant also again violated Standard Condition No. 7 requiring him to abstain from illegal drug use, as well as Special Condition No. 4 requiring his participation in substance abuse

treatment. Specifically, on July 20, 2015, and June 8, 2016, the defendant provided urine specimens that tested positive for cocaine. In addition, on June 8, June 22, and August 9, 2016, he provided urine specimens that tested positive for marijuana. On June 8, 2016, the defendant admitted to using cocaine and marijuana, and on August 9, 2016, the defendant admitted to using marijuana.

On August 15, 2016, the defendant tested positive for both cocaine and marijuana. Upon discussing those results with his supervising probation officer, the defendant again admitted to using marijuana, but denied using cocaine.

As for refusing treatment, in June, August, October, and November 2015, and in January, February, April, May, June, July, and August 2016, the defendant failed to provide urine specimens as directed. On July 21 and 28, 2016, he also failed to report for scheduled substance abuse counseling sessions.

On August 7, 2016, Beloit, Wisconsin, police officers were dispatched to the defendant's residence to investigate a report of a domestic-related incident involving the defendant's girlfriend and her five children. The defendant allegedly punched his girlfriend multiple times and dragged her out of bed. She was eventually able to flee the residence with her five children. When questioned by law enforcement regarding the incident, the defendant's girlfriend reported that the defendant had threatened to kill her in the past, had access to at least one handgun, and was last known to be in possession of illegal drugs. The investigation into these allegations has not concluded, nor have charges been issued. Moreover, the statements are hearsay and not considered today for purposes of possible revocation.

In response to the defendant's continued noncompliance, the probation office conducted a search of the defendant's home on August 15, 2016. During the search, a small amount of

marijuana, drug paraphernalia, a box of ammunition, and a knife larger than typical kitchen knives was seized.

The defendant's conduct falls into the category of a Grade C violation. Pursuant to the provisions of § 7B1.3(a)(2), I have the discretion to revoke supervised release, extend it, or modify the conditions of supervision upon a finding of a Grade C violation. However, for reasons stated on the record, the court will not revoke at this time, and defendant's supervised release will be continued on the same terms and conditions with the understanding that the court will issue a warrant for his arrest should he: (1) miss a scheduled urine test; (2) test positive for cocaine; (3) miss a drug treatment or cognitive thinking session; or (4) be charged with any form of domestic violence. Accordingly, the defendant should be released on the same terms and conditions.

ORDER

IT IS ORDERED that the period of supervised release imposed on the defendant on September 29, 2006, and continued on May 9, 2008, and October 17, 2011, is AFFIRMED AND CONTINUED.

Entered this 13th day of September, 2016.

BY THE COURT:

/s/

_____
William M. Conley
District Judge